UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTIAN KELLY,<br><br>Defendant. | 5:25-CR-50149-CCT<br><br>**PRETRIAL RULINGS** |

Consistent with the Court's oral rulings made during the January 12, 2026, pretrial conference in the above-captioned case, the Court enters the following written rulings and orders.

## MOTIONS IN LIMINE

1. **Reference to penalty or punishment.** The government moves in limine to preclude the defendant, his attorney, or any witness from making any comment or reference, whether direct or indirect, to penalty or punishment in this case. Docket 28 ¶ 1. Kelly does not object and requests this motion be made reciprocal. The government's first motion in limine at Docket 28 is granted and made reciprocal to both parties.

2. **Opining on guilt or innocence.** The government moves in limine to preclude defense counsel or any witness from making any comments or reference, by way of opinion, whether direct or indirect, on Christian Kelly's guilt or innocence. Docket 28 ¶ 2. The government notes this motion is not intended to limit any testimony of innocence by Kelly if he chooses to testify or argument from his counsel. *Id.* Kelly does not object. Docket 30 ¶ 2. The government's second motion in limine at Docket 28 is granted.

1

3. **Hearsay statements of the defendant offered by the defendant.** The government moves in limine to preclude the defendant from introducing through his witnesses or others any of his prior statements because it claims these statements would be inadmissible hearsay. Docket 28 ¶ 3. Kelly does not object to this motion to the extent it requests the court to enforce the rules of evidence. Docket 30 ¶ 3. The government's third motion in limine at Docket 28 is granted.

4. **Reference to witnesses who did not testify.** The government moves in limine to preclude the defendant, defense counsel, or any witness from making comment, argument, or reference, whether direct or indirect, to potential witnesses who were not called as a witness. Docket 28 ¶ 4. Kelly objects, arguing the government is invalidly attempting to restrict his ability to "question the veracity of witnesses, the sufficiency of the evidence, the danger of burden shifting, and to the extent it improperly handcuffs Defendant's legal rights . . . ." Docket 30 ¶ 4.

    The government's fourth motion in limine at Docket 80 is granted insofar as the parties may not speculate as to what the testimony of an uncalled witness might have been. *See United States v. Barse*, No. 24-cr-40058, 2025 WL 1276074, at *4 (D.S.D. May 2, 2025); *United States v. May*, 131 F.4th 633, 643 (8th Cir. 2025). The government's motion is otherwise denied, and Kelly is not precluded from making argument on the government's burden of proof by referencing a lack of witness testimony in his closing argument. If the defendant makes this argument, he is subject to the government's rebuttal argument that the defendant also possesses the subpoena power.

5. **No justification defense.** The government moves in limine to preclude the defendant, his attorney, or any witness from making comment, argument, or reference, whether direct or indirect, that Kelly "was legally justified in possessing a firearm." Docket 28 ¶ 5. It further requests Kelly be prohibited from questioning the jury or referencing a justification defense in opening statements because it would only confuse the jurors. *Id.* The government argues that the Eighth Circuit has not recognized a

justification defense to an 18 U.S.C. § 922(g)(1) violation. *Id.* (quoting *United States v. Martin*, 62 F.3d 1009, 1011–12 (8th Cir. 1995)).

Kelly objects. Docket 30 ¶ 5. He argues he has a right to argue a complete defense. *Id.* He claims that the justification defense may be made and instructed once he has shown an "underlying evidentiary foundation" that sustains each of the defense's elements such that a reasonable person could conclude that the evidence supports the defendant's position. *Id.* (quoting *United States v. Poe*, 442 F.3d 1101, 1104 (8th Cir. 2006)). Additionally, Kelly filed two proposed final jury instructions supporting this justification defense. *See* Dockets 29 and 31.

The Eighth Circuit has indicated that defenses of legal justification/necessity or coercion/duress to a violation of 18 U.S.C. § 922(g) are available if there is sufficient evidence to warrant the giving of such an instruction. *United States v. Atilano*, 101 F.4th 977, 983 (8th Cir. 2024); *United States v. Ladeaux*, 61 F.4th 582, 586–87 (8th Cir. 2023); *Poe*, 442 F.3d at 1104 ("To be entitled to a jury instruction on a justification defense, a defendant must show an underlying evidentiary foundation as to each element of the defense, such that a reasonable person could conclude that the evidence supported the defendant's position." (citation modified)).

Additionally, during opening arguments and voir dire, a party may comment upon, in good faith, what he anticipates will come into evidence during trial. *See* Eighth Circuit Model Criminal Jury Instruction § 1.09 ("An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be."). Thus, if a defendant has a good faith basis in the facts he anticipates will come into evidence during trial, he may argue or comment on justification.

The government's fifth motion in limine at Docket 28 is held in abeyance as to  whether sufficient evidence is admitted to support jury instructions on a justification defense, and it is denied as to precluding the defense from questions during jury selection or argument during

opening statements based on relevant facts he anticipates will be put into evidence.

6. **Sequestration of witnesses.** The government moves in limine to sequester all witnesses in this case except for its case agent. Docket 28 ¶ 6. Kelly does not object. Docket 30 ¶ 6. The government's sixth motion in limine at Docket 28 is granted and made reciprocal to both parties.

7. **Request for case agent at counsel table.** The government moves in limine to permit its case agent, Bureau of Alcohol, Tobacco, Firearms and Explosives Task Force Officer Chad Sayles, be permitted to sit at its counsel table for the duration of trial. Docket 28 ¶ 7. Kelly does not object and requests a reciprocal order that Federal Public Defender's Office Investigator, Tom Baloun, be allowed to sit at his counsel table. The government's seventh motion in limine at Docket 28 is granted and made reciprocal so that Investigator Baloun may sit at counsel table. Additionally, defense counsel's paralegal may sit at counsel table.

8. **Prior trial reference.** The government orally moves in limine to request that Juror with Participant Number 206307539 be stricken from the petty jury panel now because of his past remarks about jury nullification. Kelly does not object; therefore, the government's motion is granted.

**FIRST NOTICE OF INTENT TO OFFER EXPERT WITNESS TESTIMONY**

The government noticed its intent to introduce expert testimony from South Dakota Forensic Laboratory forensic scientist, Amber Bell. Docket 22. Kelly does not take issue with this notice. Therefore, the testimony noticed at Docket 22 is admissible, and Amber Bell may testify within the bounds of the notice.

**SECOND NOTICE OF INTENT TO OFFER EXPERT WITNESS TESTIMONY**

The government noticed its intent to introduce expert testimony from Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent, Michael Freedman. Docket 23. Kelly does not take issue with this notice. Therefore, the

testimony noticed at Docket 23 is admissible, and Michael Freedman may testify within the bounds of the notice.

### NOTICE OF INTENT TO OFFER EVIDENCE PURSUANT TO 404(b)

The government filed notice of its intent to introduce Rule 404(b) evidence to prove intent and knowledge. Docket 24. Specifically, that on November 3, 2023, Kelly told law enforcement that a firearm "found in his residence was his and that he purchased it for protection," and "[l]aw enforcement found this handgun in his kitchen along with 100 rounds of ammunition." *Id.* Kelly does not take issue with this notice. The evidence satisfies the four elements for admission of Rule 404(b) evidence in this circuit. *See United States v. Williams*, 308 F.3d 833, 837 (8th Cir. 2002). Therefore, the evidence noticed at Docket 24 is admissible.

### NOTICE OF INTENT TO IMPEACH WITH PRIOR CONVICTIONS

The government noticed its intent to admit three prior convictions that Kelly received as impeachment evidence if he should testify. Docket 25. The three convictions are (1) first degree burglary, United States District Court, District of South Dakota, No. 3:13-CR-30117-2; (2) unauthorized ingestion of controlled drug or substance (two counts), Meade County, South Dakota State Court, No. 46CRI23-001009; and (3) possession of a controlled drug or substance, Pennington County, South Dakota State Court, No. 51CRI24-003122. Kelly does not take issue with these notices. Therefore, the evidence noticed at Docket 25 is admissible.

Dated January 12, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE